**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-60895
(Summary Calender)
_____

In The Matter Of: LENA JORDAN,

                                                            Debtor,

------------------------------------

LENA JORDAN,

                                                            Appellant,

v.

UNION PLANTERS BANK & EQUITABLE LIFE ASSURANCE CO.,

                                                            Appellee.

_____

Appeal from the United States Bankruptcy Court
for the Northern District of Mississippi
(3:00-CV-112-B)
_____

July 5, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellant Lena Jordan and her husband filed for relief under
Chapter 7 bankruptcy in 1991.  At the time, their outstanding loans
to Appellee Union Planters Bank ("Union Planters") totaled

---

[*]Pursuant to 5TH Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH Cir. Rule 47.5.4.

approximately $360,000.[1] These loans were secured by an assignment to Union Planters of three life insurance policies ("the policies"). When the bankruptcy petition was filed, the cash surrender values of the three policies totaled $14,046.43, and their face values were $25,000, $50,000, and $100,000, respectively. For reasons irrelevant to our considerations today, the $25,000 policy is not at issue.[2] Fortunately for the Jordans, they failed to include these policies in their statement of exemptions filed in conjunction with their Chapter 7 bankruptcy petition.[3]

---

[1] After liquidation of all collateral other than the policies, the Jordans owed approximately $186,000 in outstanding loans to Union Planters as of the date of their Chapter 7 discharge.

[2] The bankruptcy court expressly rejected Union Planters's efforts to obtain a $32,491.98 credit against the $50,000 exemption amount the court ultimately allowed to Mrs. Jordan from more than $100,000 in life insurance proceeds that the insurance company had deposited into the registry of the court. Union Planters claimed that the $32,491.98 paid by the insurer on policy #83-111-676 on November 3, 1998, long after the closing of the bankruptcy and only after Union Planters had represented that it was making no claim as assignee or otherwise to policy #83-111-676, should be deducted from Mrs. Jordan's $50,000. The bankruptcy court concluded that Union Planters had not properly raised the issue of that payment; Union Planters made no mention of the proceeds or the policy in the appeal to the district court; and Union Planters filed no cross-appeal of the bankruptcy court's or the district court's treatment (or non-treatment) of that matter. Union Planters has abandoned the issue as a matter of law, foreclosing any consideration of it in this appeal and thereby making the bankruptcy court's disposition of that claim final between the parties and no longer appealable.

[3] Had the Jordans listed the policies in their statement of exemption while Mr. Jordan was still living, they could have rescued only the then-current cash value of approximately $14,000 rather than at least $50,000 of the proceeds allowed to Mrs. Jordan

Following Mr. Jordan's death in 1998, Mrs. Jordan, as the named beneficiary of the policies, sought to collect the proceeds; Union Planters also claimed the proceeds on the ground that the policies had been assigned to them as collateral on the defaulted loan, urging that the assignment primes the beneficiary provisions of the policies. This prompted Mrs. Jordan to petition the bankruptcy court for permission to amend her filed statement of exemptions to include the policies, which petition the bankruptcy court granted.

Mrs. Jordan argues on appeal, as she did before the bankruptcy and district courts, that only the cash surrender value of the policies (and not the entire proceeds) should be considered as assets of the Jordan's bankruptcy estate for purposes of applying the applicable $50,000 exemption on life insurance policies,[4] freeing the balance of the proceeds to be paid to her as named beneficiary. The bankruptcy court concluded, however, that the $50,000 exemption applies to the proceeds of the policies, rather than to their cash values on the date of the filing of the bankruptcy petition as urged by Mrs. Jordan, because (1) the policies had fully matured, i.e., became due and payable, prior to

by the bankruptcy court.

[4] Miss. Code Ann. § 85-3-11 (1972). 1994 amendments to this statute do not allow for such an exemption in cases such as that before us. The bankruptcy court applied the earlier version of this statute because it was the applicable law when the Jordans (1) took out the loans with Union Planters, (2) offered the policies as collateral to secure those loans, and (3) filed for bankruptcy.

Mrs. Jordan's filing of the amended exemption, and (2) even if the cash surrender values were captured in the bankruptcy estate, the proceeds of the matured policies, less Mrs. Jordan's $50,000 exemption, would still be subject to the claim of Union Planters as assignee. The district court affirmed.

Having carefully and fully considered the record and the parties' briefs as well as the comprehensive and well-reasoned opinion of the bankruptcy court, we are persuaded by that opinion's legal and factual conclusions. We therefore affirm for essentially the same reasons set forth in the bankruptcy court's opinion. AFFIRMED.